UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| HANEEF SHAKE EL JACKSON-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:23-cv-00229-JPH-MKK |
| | ) | |
| S. KALLIS Officer, Warden, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DISMISSING COMPLAINT
AND DIRECTING FILING OF AMENDED COMPLAINT**

Plaintiff Haneef Shake El Jackson-Bey is currently an inmate at Coleman USP in Florida. Plaintiff filed the present complaint, one of his three currently pending before this Court, while still an inmate at Terre Haute USP, alleging a variety of constitutional violations by numerous staffers at Terre Haute USP. Because Plaintiff is incarcerated and has sued government officials, the Court assesses "whether joinder is proper under Rule 20 before considering the merits" of the claims as required by 28 U.S.C. § 1915A. *Dorsey v. Varga,* 55 F.4th 1094, 1107 (7th Cir. 2022).

## I. The Complaint

Plaintiff's complaint lists thirty-seven named defendants, four individual unnamed defendants, and three groups of multiple unnamed defendants. He raises a variety of alleged constitutional violations, including:

- Alleged violations of the Constitution by Terre Haute USP Warden S. Kallis in administering various institutional policies, such as regarding

1

the use of force, the Prison Rape Elimination Act, health care, tobacco use, and numerous other matters, between December 2021 and March 2023.

- Alleged failures by numerous defendants to process Plaintiff's grievances properly.

- Alleged violations of the prison's tobacco use policy by numerous defendants.

- Alleged improper access to Plaintiff's trust fund account by numerous defendants.

- Alleged retaliation in numerous forms—including excessive force, verbal harassment and threats, denial of medical services, being placed in segregation—against Plaintiff by numerous defendants for his filing of a sexual assault complaint in February 2023.

- Alleged interference with Plaintiff's trust fund, denying him access to writing materials and hygiene materials, and forcing him to sleep on a steel frame without a mattress for a period of time, by numerous defendants and between August 2022 and January 2023.

- Alleged interference with Plaintiff's religious needs and practices by two defendants, between February 2022 and March 2023.

- Alleged failure to provide adequate mental health care by three defendants, between February 2022 and September 2022.

- Alleged failure to provide other adequate health care by numerous defendants, between June 2021 and February 2023.

2

- Alleged provision of contaminated or inadequate food by defendant J. Calhoun in August 2022.

- Alleged improper exposure of Plaintiff to tobacco smoke by defendant J. Monette.

- Alleged improper confinement of Plaintiff in a special housing unit by unknown defendants on February 14, 2023.

- Alleged improperly-imposed disciplinary sanctions by numerous defendants between April 2022 and October 2022.

Plaintiff has specified that he has filed a "28 U.S.C. 1331 'Bivens action'" and that he is seeking both injunctive relief and damages totaling $45 million. Dkt. 1, pp. 2 and 5. As noted, Plaintiff is suing numerous individuals, not the United States.

## II. Discussion

District courts are encouraged to review complaints to ensure that unrelated claims against different defendants do not proceed in a single lawsuit. *See Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017); *see also Antoine v. Ramos*, 497 F. App'x 631, 635 (7th Cir. 2012) ("[T]he district court should have rejected [plaintiff's] attempt to sue 20 defendants in a single lawsuit raising claims unique to some but not all of them.") (citing *Wheeler v. Wexford Health Sources*, Inc., 689 F.3d 680, 683 (7th Cir. 2012)); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). The plaintiff is not permitted to treat a single federal complaint as a sort of general list of grievances. *Mitchell v. Kallas*, 895 F.3d 492, 502–03 (7th Cir. 2018) ("Out of concern about unwieldy litigation and attempts

to circumvent the [Prison Litigation Reform Act's] PLRA's fee requirements, we have urged district courts and defendants to beware of 'scattershot' pleading strategies.").

Federal Rules of Civil Procedure 18 and 20 guide the Court's analysis. Rule 20(a)(2) permits a plaintiff to join defendants in a single action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." "[M]ere overlap between defendants is not enough." *Thompson v. Bukowski*, 812 F. App'x 360, 363 (7th Cir. 2020).

Once Rule 20 is satisfied, "[a] party asserting a claim to relief as an original claim, . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Fed. R. Civ. P. 18(a); *UWM Student Assoc. v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018) (court must apply Rule 20 before Rule 18). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's complaint cannot proceed as currently presented. The complaint violates Rule 20, as it advances unrelated claims against separate defendants based on separate events. His factual allegations provide a coherent narrative, and some may state viable claims, but they do not "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ.

P. 20(a)(2)(A). Moreover, there is no common question of law or fact that ties together the various claims against all defendants. Fed. R. Civ. P. 20(a)(2)(B).

### III. Dismissal and Deadline to Amend

When a plaintiff has filed a complaint that violates Rule 20, the Seventh Circuit has suggested that the best approach is to explain the problem, dismiss the complaint without prejudice, and provide leave to amend. *Dorsey*, 55 F.4th at 1107 ("We suggest a district court faced with misjoined claims begin, as the district court did here, by striking the complaint, explaining the misjoinder, and giving the plaintiff at least one chance to fix the problem."). The Court will follow this approach here.

Accordingly, the complaint is **DISMISSED** for failure to comply with Rule 20. Plaintiff shall have **through May 24, 2024**, to file an amended complaint or complaints that comply with Rule 20. If Plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action may be dismissed without further notice or opportunity to show cause.

Any amended complaint should have the proper case number, 2:23-cv-00229-JPH-MKK, and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation Plaintiff wishes to pursue in this action.

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. In organizing his complaint, Plaintiff may benefit from utilizing the Court's complaint form. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with Plaintiff's copy of this Order.

The Court reminds Plaintiff that an amended complaint in this action must only include *related claims and parties*. In other words, most of the claims noted above cannot be pursued in a single action. He must choose related claims and pursue them accordingly. If he wishes to pursue multiple unrelated claims, he must file multiple separate lawsuits for each claim.

Additionally, the Court notes that to the extent Plaintiff is seeking injunctive relief against multiple persons at Terre Haute USP, those claims appear moot in light of Plaintiff's move to Coleman USP. "An inmate's transfer from the facility complained of moots the equitable and declaratory claims unless his return to the facility is certain." *Howe v. Godinez*, 558 F. Supp. 3d 664, 667 (S.D. Ill. 2021) (citing *Ortiz v. Downey*, 561 F.3d 664 (7th Cir. 2009)). Also, the Court notes that listing unnamed "John Doe" defendants in a complaint generally is disfavored by the Seventh Circuit. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997).

6

**SO ORDERED.**

Date: 4/25/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana


Distribution:

HANEEF SHAKE EL JACKSON-BEY
10320-027
COLEMAN - II USP
COLEMAN II U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 1034
COLEMAN, FL 33521